**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANGELA LAUREN FRETZ,<br><br>Plaintiff,<br><br>v.<br><br>WITKOFF LLC, THE WITKOFF GROUP, STEVEN WITKOFF, ERIK E. KELLING, DIAMON STATE PORT CORPORATION, GULFTAINER, CBP PORT DIRECTOR, HOWARD LUTNICK, CANTOR FITZGERALD, GEORGE SOROS, ALEXANDER SOROS, ROBERT SOROS, SOROS BROTHER INVESTMENTS, LLC, SOROS FUNDS YC SEEDS<br><br>Defendants. | ) | Civil Action No. 26-921-CFC-SRF |

**REPORT AND RECOMMENDATION**

Plaintiff Angela Lauren Fretz ("Plaintiff") appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) Plaintiff commenced this action on July 27, 2026, in this court. (D.I. 2) On August 6, 2026, the matter was referred to the undersigned Magistrate Judge to hear and resolve all pretrial matters. (D.I. 7) The court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the court recommends that the Complaint be **DISMISSED with prejudice**.

## I. BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of screening. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff brings this action against several government defendants and individual defendants (collectively "Defendants"). The complaint is basically unintelligible. The handwritten pleading asserts a difficult-to-follow, wide ranging civil and criminal conspiracy, which includes incomprehensible

allegations relating to removal and replacement of non-disposable plastic and polymer products. The complaint lists dozens of other individuals and entities not named as parties to this action. The Plaintiff submitted two boxes of exhibits to the complaint which members of the court staff were unable to upload to the docket because of size constraints. Plaintiff seeks relief as follows:

> Please call the US Embassy in Jerusalem and ask to or speaking to US Ambassador Mike Huckabee the way I did not get around to Googling Michael Loitter who probably works for or works at the US Embassy of Jersulam, please Google US Embassy, Jerusalem, Israel Michael Loitter which Google will automatically generate the correct of his name right before calling Mike Huckabee at the US Embassy in Jerusalem…

(D.I. 2 at 8-9)

## II. LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly

baseless" or "fantastic or delusional" factual scenario.'" *Dooley*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the court must grant a plaintiff leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed "for imperfect statement[s] of the legal theory supporting the claim asserted. *Id.*, at 10.

"Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court must: (1) "take note of the elements the plaintiff must plead to state a claim;" (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth," and; (3) "when there are well-pleaded factual allegations . . . assume their veracity and determine then whether they plausibly give rise to an entitlement to relief." *Id.*; *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

The allegations are unintelligible. The court finds them fantastical, delusional, and insufficient to withstand the evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are 'fanciful,' 'fantastic,' and 'delusional[.]'"); *see also Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). In addition, a federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the Complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal citations and quotation marks omitted). This is clearly the case in the instant action. The court's experience and common sense lead it to recognize that the complaint does not state a plausible claim for relief and, therefore, the court

recommends the complaint be **DISMISSED** with prejudice as amendment is futile. *See Grayson*, 293 F.3d at 114.

**CONCLUSION**

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on October __, 2026 is **ADOPTED**.

2. Plaintiff's case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Amendment is futile.

3. The Clerk of the Court is directed to CLOSE the case.

Dated: October ____, 2026

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). Plaintiff is directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

Date: October 20, 2026